Clerk, please call the next case. 214-0724, Benjamin Storberg v. Village of Wagers Counsel, you may proceed. Good afternoon. May it please the Court, my name is Thomas Steberth. I represent Patrick Storberg, who is the appellant and was the plaintiff in the Workers' Compensation claim before the Commission. As your Honors know, Mr. Storberg suffered a lifting injury at work on February 22, 2010. His claim proceeded without controversy until the fall of that year in November. His doctor had recommended that he undergo certain treatment involving injections, therapy, also recommended work hardening, functional capacity evaluation. None of that treatment was authorized. Instead, the respondent chose to have Mr. Storberg submit to an independent medical exam with Dr. Butler. Dr. Butler opined that Mr. Storberg did not require any further treatment and was capable of going back to work. Following that opinion, benefits were terminated. Mr. Storberg then underwent an FCE. The FCE indicated that, in fact, he had restrictions and was unable to work. Following the outcome of that FCE, which was regarded as a valid assessment, the results of that FCE were sent to Dr. Butler, who then changed his opinion and indicated that he could not argue with the valid results of the FCE, that, in fact, Mr. Storberg was under a restriction and disabled from working. However, he then opined that Mr. Storberg's inability to work was as a result of being deconditioned and morbidly obese. Mr. Storberg is a very tall man. He's 6'5", his weight was 270, and it had not changed since the beginning of before his injury. So then the matter proceeded to a hearing on a petition under 19B, and we took the depositions of both the treater and Dr. Butler. When I examined Dr. Butler, I asked him whether he felt that the petitioner had become deconditioned as a result of the work injury, and Dr. Butler indicated that he felt, in fact, that he was deconditioned as a result of the work injury. The matter then proceeded to a conclusion. Arbitrator Holland then rendered a decision where he essentially adopted verbatim the proposed findings of the respondent and found that Dr. Butler's opinion ruled the day and indicated that the petitioner was not in need of any further treatment and that even though he could not go back to work pursuant to the FCE, that was because he was deconditioned and in reliance on Dr. Butler's opinion, he said that the deconditioning that existed in plaintiff's particular circumstance was not as a result of the work injury. And so that's the basis of our appeal. We think that the arbitrator and the commission clearly misread the testimony of Dr. Butler. I've outlined for the court the exact question that I posed to Dr. Butler on the issue of whether or not the deconditioning was related to the work accident and Dr. Butler's response. And then I've also clearly indicated for the court the arbitrator's finding where he says exactly the opposite. Did Dr. Butler opine that the claimant's claim made no sense? Did he give that opinion? He didn't opine that the claim made no sense, but he did question whether some of his complaints were consistent with the objective findings. Was there a sense of magnification, subjective complaints that were inconsistent with any objective finding? He did indicate that in his first report following his first exam with Mr. Storber. Did he also say the benefit of the doubt with this singular tear that you saw at L4-5, there could be, you know, some potential nerve irritation. The degree of numbness that he described was beyond what was anatomically explicable. He did say those things, and he went on to state that at that time that Mr. Storber was capable of returning back to work full duty. However, that opinion changed with the additional evidence of the result of the FCE. And then Dr. Butler changed his opinion to say that, in fact, Mr. Storber was disabled from work based on the FCE, but he did not consider that that disability resulted from the work injury, but instead was as a result of being deconditioned. And then when he was questioned further on that point. And morbidly obese. And morbidly obese. And when he was questioned further on that point, he acknowledged that Mr. Storber's weight had not changed from before the date of his accident, and he acknowledged that his deconditioned state was likely as a result of the work injury. Didn't Dr. Butler, I mean, he said, you know, he expressed the opinion that had this FCE been given even in the absence of the accident, he probably would have had the same result. In other words, you know, he said even if he had the FCE the day before the accident, he said he probably would have been determined, qualified to work the job he was working. In his second report, which I think is what you're referring to, he questions whether, or he's saying that's one thing that the FCE did not, was a question that the FCE did not address. He did not actually offer an opinion in that respect. But in his deposition testimony where he's really asked about whether this deconditioned state, which he feels is a basis for him being disabled, is related to the work accident, he says yes. And so whether you subscribe to the – Doesn't he say, well, some of it may be or something like that? Yeah, he said it's a contributing – He also says he was deconditioned – It's a contributing fact. Even before the accident. Well, I don't know that he said that he was deconditioned before the accident, but he certainly says that the work accident was a factor in his deconditioning, and that's enough. That's enough to sustain a connection. And that's what's troubling about the decision. It's irreconcilable. It's internally inconsistent. You can't – The arbitrator indicates that the petitioner was deconditioned because he didn't have the treatment that was being recommended by the treating doctor, which was work hardening, physical therapy. But he's saying that that deconditioning was not as a result of the work injury. And we know that. The evidence shows that it was as a result of the work injury. There's no getting around it. Who's Dr. Slack? I'm sorry? Dr. Slack? Dr. Slack? Was not a doctor in this case. Charles Slack is an orthopedic surgeon. But I don't – Was part of the arbitrator's slash commission's decision in this case based on the determination of the credibility of the claimant? I mean, I think on some issues they certainly consider the credibility of the claimant, but when you're talking about causal connection, you're really looking at what the doctors say. And, you know, particularly in a case that's as complex as this, it's not going to be something that you're going to rely on a lay opinion or lay testimony. This is something that has to be established by medical evidence. And you've got two doctors only in this case. You've got the treater, who has his own opinions why the petitioner is disabled and can't work and what treatment he requires. And then you have Dr. Butler, and that's the point of my argument, is no matter who you accept in this case, this person is disabled as a result of the work injury. And the arbitrator and the commission, by adopting the arbitrator, are essentially saying that he's deconditioned because he didn't have the benefit of work hardening or therapy. So it's very troubling to reconcile this decision because they really misstate and mischaracterize Dr. Butler's testimony on the point of whether or not the deconditioned state is as a result of the work injury. And just briefly, in the response brief, there was some argument that I had waived this argument in front of the circuit court because I had indicated in my brief that I would concede that the commission has the ability to choose one doctor over the other. But I also in the very next sentence say, however, that they mischaracterized the testimony and that he should be permitted to have the treatment that the arbitrator said he needed in order to restore him back to the possibility of work, which is what the arbitrator says in his findings. I don't believe there are any more questions. Thank you. Thank you, Counsel. Counsel, you may respond. My name is William Blair. I'm here on behalf of the Village of Lake Zurich. Counsel's argument really comes down to February 22, 2010, lifting incident. The question as to credibility was involved in this claim. Initially, the reports are indicating with some help he's lifting a 10-pound water pump, and it turns into 20 to 35 pounds with one of the treaters. By the time he testifies a year later, it's now 120 pounds. So obviously the commission, the arbitrator, has the opportunity to observe the credibility and demeanor of the witness while testifying. I think what Counsel says and really the argument is, as he indicated, Dr. Butler ruled the day. In this instance, the commission, the arbitrator, chose the opinion of Dr. Butler, the orthopedic surgeon in an independent medical evaluation, over the treating pain management specialist, Dr. Ahmad. So the question comes down to as to what these findings are, and here's the testimony. And I don't understand if it's against the manifest way to the evidence or Counsel doesn't like it. In Dr. Butler's deposition testimony, he had a negative state leg raising. He had symptom magnifications. His subjective complaints were out of the objective findings. He did not require any more treatment because of the work injury. He was able to return to his regular full duties without any medical restrictions. On page 14 of his deposition, he opines that the petitioner has had maximum medical improvement. That's what the commission chose to believe. The functional capacity evaluation, page 15 of his testimony, February 22, 2010, that was not medically necessary as it related to his work injury. The abnormalities were due to his morbid obesity and overall physical deconditioning. The review of the FCE afterwards did not change his original opinion. The man was 6'5", 270 pounds. Back in 2007 when he went to work in Florida, I believe he had a same or similar injury. He had some same findings as well. Dr. Butler testified it was a lumbar strain, a temporary aggravation of a preexisting condition. Again, this was a 10-pound pump that was alleged at first, and then all of a sudden, further testings and negative EMG testing showing no nerve problems. Also, Dr. Butler testified relative to symptom magnification, no neurologic compression. And the FCE itself, which is at issue in this appeal, did not change his opinion. He would have done very poorly on the FCE, even abstinent, not in very good physical shape. And as of the inactivity, he felt he was deconditioned, but it was not due to a work-related injury. I think it's a clearly or it's a manifest way to the evidence standard. I think the commission decision was correct, and I ask you to affirm it. Thank you very much. Thank you, counsel. Counsel may reply. Just briefly, everything that was just said skirts the issue in this case, and that's what Dr. Butler said. That his deconditioned state was as a result of the work injury. I'm not arguing that, I mean, I disagree with the commission, but I'm not arguing here in front of the court that it was against the manifest way of the evidence for the commission to find that this was a strain. But he was deconditioned as a result of the injury. He's not able to return back to work. And the arbitrator in the arbitrator's decision indicated that because he didn't have the benefit of work hardening or physical therapy, he was deconditioned. Now, if he was deconditioned and it had nothing to do with the work injury, then that would be a different case. But Dr. Butler is the testimony, and there's nothing that the village said in the arguments before the court that addresses that. And that is the whole basis of this appeal. There is no other evidence to dispute that. The doctor that the commission is relying on has said it's related, and they've mischaracterized his testimony in their decision. In writing their decision, the reliance of what their rationale is, is based on an understanding of Dr. Butler's testimony that's simply incorrect. And I'm asking the court to recognize that, and I would ask that they reverse it. Thank you. Thank you, Counsel Bowles, for your arguments in this matter. I do take them under advisement. Written disposition shall...